**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAY SOUTHGATE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PURECYCLE TECHNOLOGIES, INC., DUSTIN OLSON, and LAWRENCE SOMMA,<br><br>          Defendants. | Case No. 1:23-cv-08605-JGK<br><br>**ORAL ARGUMENT**<br>**REQUESTED** |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS PURECYCLE TECHNOLOGIES, INC., DUSTIN OLSON, AND LAWRENCE SOMMA'S MOTION TO DISMISS THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

DECHERT LLP
Joni S. Jacobsen
35 West Wacker, Suite 3400
Chicago, IL 60601
Telephone: (312) 646-5800
joni.jacobsen@dechert.com

Hayoung Park
Nina S. Riegelsberger*
1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 698-3500
hayoung.park@dechert.com
nina.riegelsberger@dechert.com

*Attorneys for PureCycle Technologies, Inc., Dustin Olson, and Lawrence Somma*

*admitted *pro hac vice*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ........................................................................................................................... 2

I.     PLAINTIFF FAILS TO ALLEGE A FALSE OR MISLEADING STATEMENT
       OR OMISSION ............................................................................................................. 2

       A.     Forward-Looking Statements Do Not Contain Material Omissions
              Regarding DB's Deficiencies .................................................................... 2

       B.     Forward-Looking Statements Were Accompanied by Meaningful
              Cautionary Language ................................................................................. 4

       C.     Opinions, Puffery and Corporate Optimism Are Not Actionable ......................... 4

       D.     LCMRs and QPRs Did Not Contradict Statements About Operational
              Status and Production ............................................................................... 5

II.    PLAINTIFF FAILS TO ADEQUATELY PLEAD SCIENTER ...................................... 6

       A.     Plaintiff Fails to Allege Defendants' Motive and Opportunity to Defraud ........... 7

       B.     Alleged Circumstantial Evidence Does Not Support a Strong Inference of
              Scienter .................................................................................................... 7

III.   PLAINTIFF FAILS TO ADEQUATELY PLEAD LOSS CAUSATION ...................... 10

CONCLUSION...................................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Axis Cap. Holdings Ltd. Sec. Litig.*,
    456 F. Supp. 2d 576 (S.D.N.Y. 2006)......................................................................................7

*In re Barrick Gold Sec. Litig.*,
    2015 WL 1514597 (S.D.N.Y. Apr. 1, 2015).............................................................................8

*Buhrke Fam. Revocable Tr. v. U.S. Bancorp*,
    2024 WL 1330047 (S.D.N.Y. Mar. 28, 2024) ........................................................................10

*City of Providence v. Aeropostale, Inc.*,
    2013 WL 1197755 (S.D.N.Y. Mar. 25, 2013) ..........................................................................2

*City of Warren Police & Fire Ret. Sys. v. World Wrestling Ent. Inc.*,
    477 F. Supp. 3d 123 (S.D.N.Y. 2020)......................................................................................8

*In re DraftKings Inc. Sec. Litig.*,
    650 F. Supp. 3d 120 (S.D.N.Y. 2023)......................................................................................9

*In re EDAP TMS S.A. Sec. Litig.*,
    2015 WL 5326166 (S.D.N.Y. Sept. 14, 2015)..........................................................................6

*Flynn v. Sientra, Inc.*,
    2016 WL 3360676 (C.D. Cal. June 9, 2016) ............................................................................7

*In re Gentiva Sec. Litig.*,
    932 F. Supp. 2d 352 (E.D.N.Y. 2013) ......................................................................................3

*Henning v. Orient Paper, Inc.*,
    2011 WL 2909322 (C.D. Cal. July 20, 2011)...........................................................................9

*Ho v. Duoyuan Glob. Water, Inc.*,
    887 F. Supp. 2d 547 (S.D.N.Y. 2012).......................................................................................9

*Hutchinson v. Perez*,
    2012 WL 5451258 (S.D.N.Y. Nov. 8, 2012).............................................................................8

*Long Miao v. Fanhua, Inc.*,
    442 F. Supp. 3d 774 (S.D.N.Y. 2020).......................................................................................9

*Medina v. Tremor Video, Inc.*,
    640 F. App'x 45 (2d Cir. 2016).................................................................................................10

*Moshell v. Sasol Ltd.*,
   481 F. Supp. 3d 280 (S.D.N.Y. 2020)...................................................................3

*N.J. Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*,
   709 F.3d 109 (2d Cir. 2013)...........................................................................5

*Novak v. Kasaks*,
   216 F.3d 300 (2d Cir. 2000)...........................................................................4

*In re QuantumScape Sec. Class Action Litig.*,
   580 F. Supp. 3d 714 (N.D. Cal. 2022) .............................................................9

*Shemian v. Research In Motion Ltd.*,
   2013 WL 1285779 (S.D.N.Y. Mar. 29, 2013) ...................................................5

*In re WEBMD Health Corp. Sec. Litig.*,
   2013 WL 64511 (S.D.N.Y. Jan. 2, 2013) ......................................................4, 8

*In re Wells Fargo & Co. Sec. Litig.*,
   2021 WL 4482102 (S.D.N.Y. Sept. 30, 2021)....................................................3

**Other Authorities**

*On-Spec*, Merriam-Webster.com, https://www.merriam-
   webster.com/dictionary/on%20spec ..................................................................6

**PRELIMINARY STATEMENT**

Far from misleading investors, PureCycle Technologies, Inc. ("PureCycle")—a company pioneering a ground-breaking recycling technology and commissioning its first commercial-scale recycling facility ("Facility")—repeatedly warned of risks associated with its technology and Facility, including potential delay and increased costs.  PureCycle kept investors apprised of its progress regarding (i) projections regarding costs and schedule, (ii) progress reports, including the LCM Reports ("LCMRs"), posted on PureCycle's website, and Quarterly Production Reports ("QPRs"), disclosed in Form 8-Ks, (iii) material issues as they arose including mechanical failures following the August power outage, and (iv) risks and/or inability to meet milestones set forth in its loan agreement with Southern Ohio Port Authority ("SOPA") (the "Loan Agreement").

In light of PureCycle's extensive disclosures, Plaintiff fails to identify any false or misleading statement, let alone any statement made with scienter.  Plaintiff focuses on PureCycle's alleged failure to disclose disputes with Denham-Blythe Company Inc. ("DB"), which provided structural and plant components for the Facility.  MTD at 3 (a separate contractor constructed the equipment for the Facility).  However, Plaintiff fails to plead particularized facts establishing that issues with DB caused the *equipment* challenges that arose following the unanticipated August power outage.  Equally fatal, Plaintiff fails to allege facts establishing that information in the LCMRs and QPRs was inconsistent with PureCycle's public statements.  In fact, those reports were simultaneously *disclosed to investors*, and thus, added to the total mix of information available and undermine any suggestion of scienter.

Any inference of scienter is not as compelling as the inference of non-fraudulent intent. Defendants had no motive to defraud; instead, Defendants warned investors of risks associated with this new technology, explaining PureCycle was "continuing to learn and evolve [its] process"

1

because "with new technology, the issues often take more time than expected." Ex.M at 4-5.[1] And

there are no facts suggesting PureCycle's *projected* costs and schedule were not true when they

were made—let alone that Defendants did not reasonably believe they were accurate.  Once

PureCycle learned of issues (including the impact of the August power outage on the mechanical

systems), they were disclosed promptly.  The stock dropped once these previously disclosed risks

actually occurred, not as the result of any issues with DB or other purportedly concealed

information.  Plaintiff's Complaint should be dismissed with prejudice.

**ARGUMENT**

I.      **PLAINTIFF FAILS TO ALLEGE A FALSE OR MISLEADING STATEMENT OR OMISSION**

        A.      **Forward-Looking Statements Do Not Contain Material Omissions Regarding DB's Deficiencies**

Plaintiff concedes that statements about expected timelines and costs were forward-

looking, but argues the safe harbor offers no protection because Defendants omitted material

information regarding DB's deficiencies.  Opp. at 10-11.  Plaintiff fails to plead facts connecting

the dispute between DB and PureCycle with any mechanical component failure or milestone delay

that arose following the August power outage or that would render their forward-looking

statements misleading.  *Cf. City of Providence v. Aeropostale, Inc.*, 2013 WL 1197755, at \*11

(S.D.N.Y. Mar. 25, 2013) (safe harbor inapplicable where defendants failed to disclose unpopular

designs, which caused a "temporary inventory problem," were ordered through the next two

---

[1] Citations to "Ex.\_" are to the exhibits attached to Defendants' Motion to Dismiss ("MTD"), and

those attached to the Declaration of Joni Jacobsen accompanying this memorandum.  Citations to

"Opp." are to Plaintiff's Opposition to MTD.  Citations to "¶\_" are to the Amended Complaint.

2

quarters). [2] Notably, DB was not responsible for constructing *equipment* for the Facility; its role providing structural and plant components was complete months before the outage. MTD at 15 (DB ceased work May 26, 2023 (Doc. 35-1 at 25), seal component failed September 3). *In re Gentiva Sec. Litig.*, 932 F. Supp. 2d 352, 366 (E.D.N.Y. 2013) (rejecting speculative and conclusory allegations).

Plaintiff's cited authorities are unavailing. In *In re Wells Fargo & Co. Sec. Litig.*, 2021 WL 4482102, at *13 (S.D.N.Y. Sept. 30, 2021), defendants stated they were on the "last mile" of the project despite knowing plans had been rejected and they were submitting new plans. *See* Opp at 10 (citing *In re Chicago Bridge & Iron Co. N.V. Sec. Litig.*, 2018 WL 2382600, at *8 (S.D.N.Y. May 24, 2018) (statements that company met milestones and made progress were misleading given undisclosed three-month stop work order as revealed by CWs)). In stark contrast, by September 2023, PureCycle had already met two certified SOPA milestones—a fact Plaintiff does not dispute—and Plaintiff fails to establish that PureCycle was not on track to meet the September milestone when the issues arose. MTD at 4-5 (citing Exs.E, F, H) (Leidos certified first two milestones). Further, PureCycle disclosed all significant halts in its operations *in the next quarterly filing* after they occurred. Ex.J at 7-8; Ex.L at 5; Ex.M at 5; ¶81. MTD at 14 (no duty to disclose intra-quarter). Nothing more is required.

Plaintiff cites to *Moshell v. Sasol Ltd.*, 481 F. Supp. 3d 280, 292 (S.D.N.Y. 2020), where defendant's public cost and schedule estimates "hugely failed to account for already existing cost overruns and delays." But here, many of the cost overruns and schedule changes were unrelated

---

[2] The June/July shut down was disclosed; there are no facts that this shutdown caused PureCycle to miss its September milestone. MTD at 14-15; ¶81.

3

to issues with DB, and regardless, Defendants disclosed updated information on a monthly basis, including in the *very reports* Plaintiffs rely on to say information was omitted.  MTD at 13-14; Ex.Q at 9-10.

### B. Forward-Looking Statements Were Accompanied by Meaningful Cautionary Language

Plaintiff complains that Defendants' warnings of "hypothetical" risks were insufficient, but also that Defendants warned of risks that had already occurred.  Opp. at 12.  Plaintiff is wrong on both accounts.  Risks, by definition, *are* hypothetical and "important factors that *could* cause actual results to differ materially from those in the forward-looking statement."  *In re WEBMD Health Corp. Sec. Litig*., 2013 WL 64511, at *8 (S.D.N.Y. Jan. 2, 2013) (quoting 15 U.S.C. § 78u-5(c)(1)(A)(i)) (emphasis added).  And as established, the risk disclosures were far from boilerplate. MTD at 8-10.

Plaintiff is incorrect that Defendants warned of risks that had already materialized.  Opp. at 12-13.  In March 2023, *before the Class Period began or any challenged statement was made*, PureCycle specifically disclosed "a stoppage of work, …unexpected construction problems, … [or] severe weather…could severely impact…PCT's ability to comply" with its "Loan Agreement."  Ex.D at 14-15.  These warnings were continuously updated to reflect new information and new risks.  *Compare* Ex.E at 6 (19 potential risks) *with* Ex.H at 6-7 (21 potential risks) *and* Ex.L at 7-8 (22 potential risks).  PureCycle's forward-looking statements are protected by the safe harbor.

### C. Opinions, Puffery and Corporate Optimism Are Not Actionable

Faced with Defendants' demonstration that Plaintiff cannot challenge opinions or puffery, MTD at 11-12, Plaintiff contends such statements were premised on misrepresented present or historical facts.  Opp. at 15-17.  Not so.  By their plain language, the statements signal they are

4

opinions or puffery, and were not worded as guarantees.  MTD at 12.  And unlike in *Novak v. Kasaks*, 216 F.3d 300, 315 (2d Cir. 2000), Defendants did not make statements regarding PureCycle's future outlook *knowing* the contrary was true.  §II; MTD at 12.  Defendants' opinions and puffery are not actionable.

    **D.**    **LCMRs and QPRs Did Not Contradict Statements About Operational Status and Production**

Plaintiff attempts to allege Defendants made false statements of present and historical fact by pointing to information in detailed reports—that PureCycle simultaneously disclosed—and claiming it was contradictory.[3]  This cannot stand.  As established,[4] PureCycle voluntarily posted the LCMRs to its website every month, MTD at 13, and the QPRs were disclosed quarterly in Form 8-Ks.  Ex.Y 5/9/2023 8-K at 135; Ex.Z, 8/8/23 8-K at 18; *Shemian v. Research In Motion Ltd.*, 2013 WL 1285779, at *20 (S.D.N.Y. Mar. 29, 2013) (claims dismissed where omitted information was disclosed).

Plaintiff cannot deflect Defendants' arguments by mischaracterizing them as a "truth-on-the-market" defense and questioning whether the disclosures were sufficiently prominent.  Opp. at 13-15.  Defendants *themselves* regularly published the LCMRs on the investors section of PureCycle's website and the QPRs in quarterly SEC filings.  MTD at 13-14 (citing Ex.Q); Ex.Y at 135; Ex.Z, at 18.  Plaintiff's cases are inapposite.  *N.J. Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*, 709 F.3d 109, 127 (2d Cir. 2013) (omitted information disclosed in newspaper

---

[3] Read in context, the challenged statements are primarily forward-looking, MTD at 6-8, and Plaintiff fails to allege they were premised on untrue facts.  *Id*.

[4] Court may take judicial notice of public disclosures.  MTD at 3, n.2.

articles).  The disclosed reports were part of the total mix of information available and undermine any suggestion that investors were misled—an essential element of a §10(b) omission claim.

Not only were the reports public, but Plaintiff also fails to establish that such reports contradicted Defendants' other public statements.  Plaintiff disingenuously conflates unrelated information in order to advance his claims.  Opp. at 10.  Statements regarding PureCycle's increased production *rates* are not rendered misleading by the QPRs disclosure regarding production *yields*.  ¶¶175-76.  Rates refers to the speed that operations are running, whereas yield refers to the amount of end product produced.  Similarly, statements regarding PureCycle's "completed commercial shipments of *on-spec material*" is consistent with disclosures that it had "no *product* sold."  Opp. at 7 (emphasis added).  *See On-Spec*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/on%20spec (last visited June 25,2024) (shipments of "on-spec" materials means material is sent "without having a definite buyer").  Plaintiff fails to establish these statements were rendered false by additional *public* information.  *In re EDAP TMS S.A. Sec. Litig*., 2015 WL 5326166, at *10 (S.D.N.Y. Sept. 14, 2015).

Plaintiff fails to rebut that the LCMRs disclosed PureCycle's *internal* planned dates and *forecasted/actual* dates for certain construction and production events.  MTD at 4, 13; Ex.Q; ¶64.  These are different from (and *earlier* than) the SOPA milestones referenced in Defendants' statements.  MTD at 13 (comparing Ex.Q at 10 *with* Ex.C at 9).  Far from suggesting fraud, the LCMRs provided additional and simultaneous information to investors regarding the Facility's progress.  Plaintiff fails to allege any false or misleading statement or omission.

## II.    PLAINTIFF FAILS TO ADEQUATELY PLEAD SCIENTER

Plaintiff fails to establish recklessness for each Defendant—let alone actual knowledge required for forward-looking statements.  MTD at 15-16 (lumping "defendants" together is insufficient).

6

A.     **Plaintiff Fails to Allege Defendants' Motive and Opportunity to Defraud**

Courts in the Second Circuit have rejected motive to increase profit, raise capital or finance a product launch as sufficient to support an inference of scienter.  MTD at 16-17.  Plaintiff does not distinguish any of Defendants' Second Circuit cases and his out of circuit authority is distinguishable.  *Flynn v. Sientra, Inc.*, 2016 WL 3360676, at *15 (C.D. Cal. June 9, 2016) (defendants concealed already contaminated products from investors until after public offering).

Contrary to Plaintiff's contention, the timing of the offering alone is insufficient; Plaintiff must identify additional evidence supporting scienter or that the timing was "calculated to maximize personal benefit[s]."  *In re Axis Cap. Holdings Ltd. Sec. Litig.*, 456 F. Supp. 2d 576, 595-96 (S.D.N.Y. 2006).  Plaintiff cannot allege that Defendants received any *personal benefit* from allegedly concealing information regarding DB or the August 7 power outage before the August 21 offering.  MTD at 17 (no suspicious sales).  In fact, there are no facts suggesting Defendants even knew the brief power outage impacted the mechanical systems until the independent experts' determination on September 5.  *Id.* at 15.  Plaintiff's motive allegations are insufficient.

B.     **Alleged Circumstantial Evidence Does Not Support a Strong Inference of Scienter**

Plaintiff's alleged circumstantial evidence fails to demonstrate Defendants' recklessness or actual knowledge.  MTD at 17-21.

*First*, Plaintiff points to arguments set forth in PureCycle's legal counterclaims against DB. But contrary to Plaintiff's assertions, those pleadings do not contain admissions establishing Defendants' actual knowledge of *contradictory* facts.  Plaintiff continues to argue—without any particularized facts—that construction delays and cost increases with DB from *prior to May 2023* caused the "equipment failures, delays, and cost overruns" following the August power outage and

7

failure to meet "bondholder milestones."  Opp. at 18.  These unsupported conclusions are insufficient to establish that Defendants *knew* or should have known their statements were false and misleading at the time they were made.[5]  §I.A; MTD at 18-19.

*Second*, Plaintiff fails to establish that the information in the LCMRs and QPRs contradicted Defendants' public statements.  The internal "planned dates" in the LCMRs were set *earlier* than the SOPA milestones—a fact Plaintiff fails to rebut.  MTD at 4, 13.  And LCMRs statements that "progress was not commensurate with objectives" referred to the ability to meet optimistic internal goals.  MTD at 13.  Likewise, Plaintiff fails to allege that LCMR statements about a likely increase in forecasted budget actually contradicted statements regarding pellet production or the ability to meet SOPA milestones.

Nor can Plaintiff rely on the QPRs.  The publicly filed QPR summaries regarding production yields, hours of beneficial operations, changes to production capacity, or amount of product sold in no way contradict Defendants' accurate statements that the Facility is operational, producing pellets at commercial scale, and increasing production rates.  "[T]here is a missing link between Defendants' cognizance of potentially adverse business conditions and Plaintiffs' accusation that the statements…[were] made with 'an intent to deceive.'"  *WEBMD*, 2013 WL 64511, at \*12; *see Hutchinson v. Perez*, 2012 WL 5451258, at \*6 (S.D.N.Y. Nov. 8, 2012)

---

[5] Plaintiff's cases are inapposite.  *In re Barrick Gold Sec. Litig.*, 2015 WL 1514597, at \*11 (S.D.N.Y. Apr. 1, 2015) (plaintiff alleges defendants' "access to" specific information that "directly contradicted" statement that company complied with environmental legislation); *City of Warren Police & Fire Ret. Sys. v. World Wrestling Ent. Inc.*, 477 F. Supp. 3d 123, 136 (S.D.N.Y. 2020) (officer submitted declaration and evidence that company was aware of contrary facts).

(company's difficulty selling patent portfolio did not contradict optimistic statements about patent licensing/sales and cash position).

*Third*, the Bleecker Street Research Report ("Bleecker Report") does not support an inference of scienter. To start, it is a short-seller report with "an obvious motive to exaggerate the infirmities of the securities in which [it] speculate[s]." *Long Miao v. Fanhua, Inc.*, 442 F. Supp. 3d 774, 801 (S.D.N.Y. 2020). Plaintiff's reliance on *Ho v. Duoyuan Glob. Water, Inc.*, 887 F. Supp. 2d 547, 564 (S.D.N.Y. 2012), and *Henning v. Orient Paper, Inc.*, 2011 WL 2909322, at *2 (C.D. Cal. July 20, 2011), are misplaced because both cases dealt with financial analysts reports, which do not "implicate the same skepticism." *Ho*, 887 F. Supp. 2d at 564.

Moreover, the Bleecker Report cites anonymous former PureCycle employees, but Plaintiff fails to establish their reliability—there are no allegations regarding the former employees' position, period of employment, or contact with Olson or Somma, an argument Plaintiff does not rebut. MTD at 19; *In re DraftKings Inc. Sec. Litig.*, 650 F. Supp. 3d 120, 178 (S.D.N.Y. 2023) (no scienter where "SAC relies on the same uncorroborated and unconfirmed statements from anonymous employees quoted in [short-seller] Report that, under the case law, must be put aside"). Plaintiff's out-of-circuit case is inapplicable. *In re QuantumScape Sec. Class Action Litig.*, 580 F. Supp. 3d 714, 731-32 (N.D. Cal. 2022) (short seller interviewed nine former R&D employees with "overlapping and corroborative information," supported by expert statements). Plaintiff does not

9

allege that the Bleecker Report "has the minimum indicia of reliability to make [it] past the pleadings stage." *Id.*[6]

## III.   PLAINTIFF FAILS TO ADEQUATELY PLEAD LOSS CAUSATION

As Plaintiff concedes, he must allege that PureCycle's stock price dropped after "'materialization of [the] risk'" allegedly concealed was revealed, or fraudulent statements were corrected. Opp. at 23. However, Plaintiff fails to link the drop in stock price following the disclosures on September 7, November 7-9, and December 18 with the alleged wrongdoing in his Complaint. MTD at 21-24. Instead, these disclosures revealed *new* information concerning mechanical seal failures and temporary shutdowns—risks the Company had *previously disclosed* and wholly unrelated to issues with DB. Not surprisingly, the stock dropped in response to this new information. MTD at 22-23. Furthermore, Plaintiff fails to allege economic loss because the stock price increased, rather than decreased, after the allegedly concealed information was revealed in the Bleecker Report. *Id.*[7]

**CONCLUSION**

For the reasons set forth above and in Defendants' opening brief, Defendants respectfully request that the Court dismiss the Complaint with prejudice as further amendment would be futile.[8]

---

[6] Plaintiff fails to address Defendants' arguments regarding the core operations doctrine and therefore has abandoned that theory. *Buhrke Fam. Revocable Tr. v. U.S. Bancorp*, 2024 WL 1330047, at *20 (S.D.N.Y. Mar. 28, 2024).

[7] Plaintiff's failure to establish a violation of §10(b) requires dismissal of his §20(a) claim. MTD at 24.

[8] *Medina v. Tremor Video, Inc.*, 640 F. App'x 45, 47 (2d Cir. 2016) (amendment of complaint is futile).

Dated: June 25, 2024

     New York, New York                    */s/ Joni S. Jacobsen*
                                          DECHERT LLP
                                          Joni S. Jacobsen
                                          35 West Wacker, Suite 3400
                                          Chicago, IL 60601
                                          Telephone: (312) 646-5800
                                          joni.jacobsen@dechert.com

                                          Hayoung Park
                                          Nina S. Riegelsberger*
                                          1095 Avenue of the Americas
                                          New York, New York 10036
                                          Telephone: (212) 698-3500
                                          hayoung.park@dechert.com
                                          nina.riegelsberger@dechert.com

                                          *Attorneys for PureCycle Technologies, Inc.,*
                                          *Dustin Olson, and Lawrence Somma*

                                          *admitted *pro hac vice*

11

## CERTIFICATE OF COMPLIANCE

I, Joni S. Jacobsen, counsel for Defendants PureCycle Technologies Inc., Dustin Olson, and Lawrence Somma, hereby certifies that the above Reply Memorandum of Law in Support of Defendants' Motion to Dismiss complies with the formatting rules proscribed in Local Rule 11.1 and Honorable Judge Koeltl's Individual Rule II(D), and contains 2,764 words, excluding those which are specifically excepted according to Individual Rule II(D).

Dated: June 25, 2024
  New York, NY

            */s/ Joni S. Jacobsen*
            Joni S. Jacobsen